**Estelle SCHWARTZ,**

v.

**UNITED STATES of America.**

**Civ. A. No. 91–10981–H.**

United States District Court,
D. Massachusetts.

May 28, 1993.

§ 636(b)(1)(B). In the instant case, however, the district judge has not referred the motion for a report and recommendation.

Carol R. Steinberg, Kehoe, Doyle, Playter & Novick, Boston, MA, for plaintiff.

A. John Pappalardo and Thomas E. Kanwit, U.S. Attorney's Office, Boston, MA, for defendant.

## MEMORANDUM AND ORDER ON MOTION OF DEFENDANT TO STRIKE EVIDENCE (# 54)

COLLINGS, United States Magistrate Judge.

In this case, plaintiff sues under the Federal Tort Claims Act alleging negligence by a Postal Service van driver resulting in a collision with her vehicle on May 4, 1990 in Brockton, Massachusetts. The parties consented to trial before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). At trial, plaintiff offered a police report prepared by the Brockton police officer who investigated the collision into evidence pursuant to Rule 803(8), Fed. R.Evid.; the defendant objected. Since the case was tried without a jury, the Court allowed the report into evidence subject to a motion to strike. A Motion of Defendant to Strike Evidence (# 54) was filed. After briefing, the motion is ripe for decision.

Rule 803, Fed.R.Evid., provides, in pertinent part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

\* \* \* \* \* \*

(8) Records, reports, statements, or data compilations, in any form, of public offices or agencies, setting forth (A) the activities of the office or agency, or (B) matters observed pursuant to duty imposed by law as to which matters there was a duty to report, excluding, however, in criminal cases matters observed by police officers and other law enforcement personnel, or (C) in civil actions and proceedings and against the Government in criminal cases, factual findings resulting from an investigation made pursuant to authority granted by law, unless the sources of information or other circumstances indicated lack of trustworthiness.

It is noted that the Supreme Court has held that "factual findings" include "factually based conclusions [and] opinions", *Beech Aircraft v. Rainey*, 488 U.S. 153, 162, 109 S.Ct. 439, 446, 102 L.Ed.2d 445 (1988), agreeing with the Courts of Appeals such as the Sixth Circuit which had not restricted "findings of fact" so as to exclude "opinions" and "conclusions." *Id.* citing *Baker v. Elcona Homes Corp.*, 588 F.2d 551, 557–58 (6 Cir.1978), *cert. denied*, 441 U.S. 933, 99 S.Ct. 2054, 60 L.Ed.2d 661 (1979).

In the instant case, the police report at issue was prepared and filed by Officer Melvin Lightford of the Brockton Police Department. From the evidence, it appears that Officer Lightford arrived on the scene soon after the accident occurred. He testified that in the normal course of investigating an accident, he would speak to the drivers and eyewitnesses and that he followed his normal procedure in this case. Thus, he spoke with the plaintiff, Estelle Schwartz, the driver of the Postal vehicle, Alan Lendh, and the primary eyewitness, a pedestrian by the name of Michael Hennessey. Officer Lightford also testified that, as part of his

normal procedure, he looked at the damage to the vehicles and examined the physical surroundings. After his investigation, he would prepare his report and note his conclusions.

The report was prepared on a standard form entitled "Commonwealth of Massachusetts Police Report of Motor Vehicle Accident." In his report, Officer Lightford listed identifying data as to the vehicles, drivers, non-driver occupant, and witness. He noted the location of the accident and whether there were traffic controls, what those were, a description of the road surface, road conditions, light conditions and weather conditions. He drew a diagram of "what happened." He noted that he issued a citation and noted the number. At the end of the form he wrote:

> Operator # 1 [plaintiff] going north from Highland Street[,] stop [sic] at stop sign[,] preceded [sic] across intersection[,] was struck by operator # 2 [driver of postal vehicle] driving west [sic] direction on Spring St. Didn't see m/v across intersection causing impact. There is a witness.

Plaintiff's Exhibit # 19.

Officer Lightford testified at trial that it was his official responsibility to investigate the accident. At the time of the accident, he had been on the Brockton Police force for four years, and had investigated over two hundred motor vehicle accidents.[1]

On these facts, there can be little doubt that the instant case is quite similar to the underlying facts in the Sixth Circuit's opinion in *Baker v. Elcona Homes Corp., supra,* 588 F.2d 551, which affirmed a lower court's admission of a police report into evidence. In that case, a collision occurred at an intersection; the principal issue at trial was which vehicle had the right-of-way. *Id.* at 554. The police officer, a twenty-eight year veteran of the State Highway Patrol, arrived at the scene about six minutes after the accident occurred. *Id.* The police officer testified at trial but was not asked about any opinions as to who had the right-of-way. *Id.* However, after the officer had left the witness stand, the defendant introduced the re-

port into evidence over plaintiff's objection. Plaintiff objected to a statement attributed to the defendant by the officer and the conclusion that plaintiff had entered the intersection against a red light. *Id.* at 555. In affirming the lower court, the Sixth Circuit held that:

> A police report is, in our judgment, a "public record and report" within the meaning of the first part of Rule 803(8). The direct observations and recorded data of [the police officer] in the course of his investigation which were placed upon the report are "matters observed pursuant to duty imposed by law as to which matters there was a duty to report," under Rule 803(8)(B) and are therefore not inadmissible under the hearsay rule.

*Baker v. Elcona Homes Corp., supra,* 588 F.2d at 556 (footnote omitted).

The Court went on to find that:

> [W]hether the light was red or green for one driver or the other at the time of the accident is distinctly a factual finding within the meaning of the rule … It is also clear from the construction of the rule itself that factual findings under Rule 803(8)(C) may be those which are made by the preparer of the report from disputed evidence, as contrasted to those facts which are "matters observed pursuant duty imposed by law as to which there was a duty to report" called for under Rule 803(3)(C).

*Id.* at 557–8.

In the instant case, defendant claims first that the report was not based on a factual investigation because the officer did not observe the accident and his investigation consisted almost entirely of interviewing the two drivers and one witness. Memorandum, Etc. (# 55) at p. 2. Manifestly, the fact that the officer did not observe the accident does not render the report inadmissible; the officer in the *Baker* case did not observe the accident either.

Defendant next contends that the report is inadmissible because the investigation "…

---

1. Officer Lightford testified that he had investigated approximately 50–100 motor vehicle accidents per year during his four years on the Brockton Police Force.

consisted almost entirely of interviewing the two drivers and one alleged witness." *See* # 55 at p. 2. Even if true, this fact does not render the report inadmissible. In the case of *Puerto Rico Ports Authority v. M/V Manhattan Prince*, 897 F.2d 1 (1 Cir.1990), the First Circuit, citing the Supreme Court's decision in *Beech Aircraft Corp. v. Rainey*, *supra*, affirmed a lower court's admission into evidence of a Coast Guard investigation into an accident at issue in the case. In the report, the investigating officer gave his opinion that there were three causes to the accident. The Court noted that the investigating officer:

> ... questioned the ship's officers, the pilot, and the captain of the tug Borinquen within a short time after the accident. There can be no serious question as to the trustworthiness of the report.

*Puerto Rico Ports Authority v. M/V Manhattan Prince*, *supra*, 897 F.2d at 8.

In *Lubanski v. Coleco Industries, Inc.*, 929 F.2d 42 (1 Cir.1991), the First Circuit dealt with the exclusion by the trial court of a Massachusetts state trooper's accident report. The accident in that case involved a collision between a child riding a Coleco Power Cycle and a motor vehicle which resulted in the death of the child. The report contained facts as found by the officer as well as his conclusions. The First Circuit found that it was error to exclude the report, although it found the error harmless. *Lubanski v. Coleco Industries, Inc.*, *supra*, 929 F.2d at 46.

Given the fact that Rule 803(8)(C), as interpreted broadly by the Supreme Court, provides for admissibility of a public office's and agency's factual investigations, including "conclusions" and "opinions" therein contained, the key issue on admissibility is whether the report is "trustworthy", or, in the words of the Supreme Court, whether the report "... satisfies the Rule's trustworthiness requirement." *Beech Aircraft Corp. v. Rainey*, *supra*, 488 U.S. at 170, 109 S.Ct. at 450. *See also O'Dell v. Hercules, Inc.*, 904 F.2d 1194, 1204 (8 Cir.1990) cited with approval by the First Circuit in *Lubanski v. Coleco Industries, Inc.*, *supra*, 929 F.2d at 46.

As the Sixth Circuit noted in *Baker v. Elcona Homes Corp.*, *supra:*

> In determining whether the "sources of information or other circumstances" indicate lack of trustworthiness, the Advisory Committee Notes list four suggested factors for consideration: (1) the timeliness of the investigation; (2) the special skill or experience of the official; (3) whether a hearing was held on the level at which conducted, and (4) possible motivational problems. *See* Notes of Advisory Committee on Proposed Rules, *reprinted following* Fed.Rules of Evid. 803, 28 U.S.C.A. The Advisory Committee further observed:

> > The formulation of an approach which would give appropriate weight to all possible factors in every situation is an obvious impossibility. Hence the rule, as in Exception (6), assumes admissibility but with ample provision for escape if sufficient negative factors are present.

*Baker v. Elcona Homes Corp.*, *supra*, 588 F.2d at 558.

Applying these factors to the instant case, there can be no claim that the report was untimely or that Officer Lightford lacked experience. There was no formal hearing, but a formal hearing is not a *sina qua non* of admissibility. *Id.* As long as the investigator gathers information from all sources, does not neglect one source or prefer one source over the other, the report is admissible "when other indicia of trustworthiness are present." *Id.* Lastly, there is no indication that Officer Lightford made his report with any improper motive or that he was biased in favor of one party or prejudiced against a party.

It is instructive to note a case in which the First Circuit did find a report to be untrustworthy. In *McKinnon v. Skil Corp.*, 638 F.2d 270 (1 Cir.1981), a case which preceded the Supreme Court's decision in *Beech Aircraft Corp. v. Rainey*, the First Circuit affirmed the exclusion of reports from the Consumer Products Safety Council (CPSC), writing that the reports were untrustworthy because "[m]ost of the data contained in the reports is simply a paraphrasing of versions of accidents given by the victims themselves who surely cannot be regarded as disinter-

ested observers." *McKinnon v. Skil Corp., supra,* 638 F.2d at 278. Officer Lightford did not "merely paraphrase" the version of the accident given by the plaintiff.

The burden is on the party challenging the validity of an official report to show that it is untrustworthy. *Baker v. Elcona Homes Corp., supra,* 588 F.2d at 558; *Sage v. Rockwell Intern.,* 477 F.Supp. 1205, 1207 (D.N.H.1979) citing *Muncie Aviation Corp. v. Party Doll Fleet, Inc.,* 519 F.2d 1178 (5 Cir.1975). In the present case, the defendant has not carried this burden. Although the defendant argues that the report is untrustworthy because of things which were not pointed out ("brick wall") or instances where the report is in conflict with the testimony, I rule that these omissions and discrepancies go to the weight to which the Court will accord the report, not its admissibility.

Lastly, I do not find the report to be subject to exclusion under Rule 403, Fed. R.Evid. The Court sustained defendant's objection when plaintiff's counsel sought to have Officer Lightford testify as to the conclusions contained in the report. In these circumstances, any argument that the report is cumulative evidence is patently frivolous. In order to be excluded under Rule 403, Fed.R.Evid., evidence must be unfairly prejudicial. The fact that the report supports an opponent's position does not render it unfairly prejudicial to the defendant.

Accordingly, it is ORDERED that the Motion of the Defendant to Strike Evidence (# 54) be, and the same hereby is, DENIED.